**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4952

MOSES KING,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-488)

Submitted: November 18, 1997

Decided: December 29, 1997

Before HALL and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Marshall Prince, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Moses King appeals his convictions on two counts of possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 1994 & Supp. 1997). King's wife, who witnessed the two incidents, refused to testify at trial, invoking the spousal privilege. However, statements she made to investigating officers were admitted through the officers' testimony. King now raises various challenges to the introduction of the officers' testimony about his wife's statements. He also claims that the introduction into evidence of a gun seized during the second incident violated the Fourth Amendment. Finally, he challenges the determination that he was subject to sentencing as an armed career criminal. We affirm.

I

The first incident occurred on January 28, 1995. Officers in Columbia, South Carolina, responded to a 911 call from the King residence. Mrs. King told the dispatcher that her husband had held her at gunpoint. The officers who responded to the call found Mrs. King to be very agitated. King appeared, holding a shotgun. Mrs. King informed the officers that her husband, who had a previous felony conviction for murder, had pointed the gun at her.

On November 15, 1995, officers responded to another 911 call from Mrs. King concerning a domestic dispute. When officers arrived at the King home, Mrs. King was at the back of the house, waving excitedly at the officers and saying, "he's back here . . . he's got a gun." She told the officers that King had a gun in a bag he was carrying and that she feared he would kill her. The officers seized the bag from King. They felt the outside of the bag, touched a hard object that might have been a weapon, looked inside the bag, and retrieved a loaded pistol.

2

The officers who responded to Mrs. King's calls testified at trial as to what happened both times. They recounted Mrs. King's statements to them. Mrs. King refused to testify, asserting her privilege against adverse spousal testimony. Over King's objections, the district court allowed the officers to testify about Mrs. King's statements, finding that they either were not hearsay or were admissible as exceptions to the general rule against hearsay.

II

King contends that admission of his wife's statements to the police violated the privilege against adverse spousal testimony, as that privilege is embodied in Fed. R. Evid. 501. However, Mrs. King's assertion of the privilege only permitted her to refuse to testify against her husband. The rule does not extend so far as to permit King to exclude the officers' testimony about out-of-court statements made to them by Mrs. King. See United States v. Archer, 733 F.2d 354, 359 (5th Cir. 1984).

III

King maintains that the officers' testimony about his wife's statements to them constituted inadmissible hearsay. First, it is doubtful that the statements were hearsay because the testimony arguably was offered to show why the officers took the actions they did on each occasion. See United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985). To the extent that the statements were hearsay, they were admissible as present sense impressions, see Fed. R. Evid. 803(1), or as excited utterances, see Fed. R. Evid. 803(2). And, because the statements were admissible under these firmly established hearsay exceptions, their admission did not violate the Confrontation Clause. See United States v. Shaw, 69 F.3d 1249, 1253 (4th Cir. 1995). Finally, because the testimony was admissible, there was no error in the prosecutor's mentioning Mrs. King's statements during opening argument.

IV

King moves for leave to file a pro se supplemental brief. While we grant the motion, we find that the contentions raised in the brief are

3

without merit. King first asserts that officers violated the Fourth Amendment when they retrieved the loaded gun from the bag he was carrying during the November incident. However, Mrs. King had told officers that her husband had threatened her and that the bag contained a gun. This gave rise to a reasonable articulable suspicion that criminal activity might be afoot. Under Terry v. Ohio, 392 U.S. 1 (1968), the police acted appropriately when they stopped King, patted him down, felt the bag, and opened it when they detected a hard object that might have been--and indeed proved to be--a weapon. See United States v. Williams, 962 F.2d 1218, 1223 (6th Cir. 1992).

The district court sentenced King as an armed career criminal, 18 U.S.C. § 924(e), because he had three prior convictions for violent felonies. King's presentence report states that he was convicted in 1991 of the assault and battery of his wife. King maintains that he actually was convicted of disorderly conduct, a misdemeanor. The presentence report reveals that King was convicted in 1968 of murder and in 1969 of kidnapping. These clearly constitute violent felonies. In 1963, King broke into a business at night and stole some tools. He was convicted of housebreaking and larceny. Under Taylor v. United States, 495 U.S. 575, 599 (1990), this offense--generic burglary--is also a violent felony for purposes of the § 924(e) enhancement. Because King had three prior convictions for crimes of violence, any error in the presentence report concerning the assault and battery conviction was harmless.

King argues that his prior kidnapping conviction is too old to qualify him for treatment as an armed career offender. All three prior convictions may be used because there is no time restriction on consideration of prior convictions under the Armed Career Criminal Act. See United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995).

King also argues that his criminal history category was improperly calculated. He contests the assault and battery conviction and challenges the use of an old conviction for kidnapping. His argument is unavailing because the Sentencing Guidelines set an armed career criminal's offense level at 34 and set his criminal history category at level VI when "the defendant used or possessed the firearm . . . in connection with a crime of violence." U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(A) and (c)(2). King's conduct qualifies under

4

these sections. His wife told officers that King threatened her and pointed a loaded gun at her on January 28, 1995.

V

We accordingly affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED